UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH LOCKARD,

Petitioner,

v.

Case No. 07-cv-323-JPG

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Kenneth Lockard's(Lockard) Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. The Government has responded (Doc. 11) and Lockard has replied (Doc. 12). For the followings reasons, the Court **DENIES** the Motion.

## BACKGROUND

**I.  Procedural Posture**

On October 7, 2003, a federal grand jury returned a fifth superseding indictment against Lockard, Rick Green, Michael Easton, and Donita Pantry. Count 1 charged all four defendants with conspiracy to manufacture and distribute fifty grams or more of a mixture and substance containing methamphetamine. On February 20, 2004, represented by attorney Edward Veltman, Lockard entered an open plea of guilty to Count 1 of the fifth superseding indictment. At the time of the plea, Lockard and the Government made the Court aware that there was a dispute as to the quantity of drugs involved in the conspiracy. Lockard admitted that the amount of drugs involved exceeded fifty grams of a mixture and substance containing methamphetamine, but disputed Government's contention that the amount involved exceeded

500 grams. The Court advised Lockard that the statutory range that could be imposed on a plea of guilty to manufacture and distribute more than fifty grams of a mixture and substance containing methamphetamine was between five and forty years imprisonment. Lockard indicated that he understood.

The United States Probation Office prepared a Presentence Report ("PSR") with respect to Lockard. Lockard filed objections to the PSR and the government responded. On May 20, 2004, the Court, after a hearing, sentenced Lockard to 240 months imprisonment. Lockard, represented by attorney Richard H. Parsons, appealed, contending that the Court erred in treating the Guideline range as mandatory rather than advisory and that the Court erred in finding that Lockard had used a minor when he committed the offense. The Seventh Circuit Court of Appeals agreed with the Court's calculation of the Guidelines, but ordered a limited *Paladino* remand. The Court advised the Seventh Circuit that it would have imposed the same sentence had it known that the Guidelines were advisory only. The Seventh Circuit then affirmed the judgment in a per curium opinion. Lockard did not seek a writ of certiorari in the United States Supreme Court, and the time for filing such a writ expired on May 2, 2006. Lockard timely filed a petition for a writ of habeas corpus. He supplemented that motion, by counsel, on July 12, 2007.

## II. FACTS

The PSR concluded that Lockard's relevant conduct was between 500 and 1,500 grams of a mixture and substance containing methamphetamine, resulting in an offense level 32. In addition, the PSR concluded that Lockard possessed a firearm during the commission of a drug crime, resulting in a two-level increase to his offense level. The PSR also concluded that

2

Lockard had used a minor in the commission of the offense, resulting in a two-level increase. Finally, the PSR concluded that Lockard had not accepted responsibility and was not entitled to a two-level reduction to his offense level. As a result, the PSR calculated Lockard's offense level at 36. His criminal history category was III. The resulting Guideline sentencing range was 235-293 months. Lockard filed timely objections to the relevant conduct calculations, the gun enhancement and the denial of an acceptance of responsibility reduction. The Court held a sentencing hearing on May 20, 2004, at which Lockard was again represented by counsel Mr. Veltman. At the hearing Lockard indicated he was also objecting to the "use of a minor" increase. Lockard's co-defendants, Rudy Loyd and Mark Keller, testified for the Government to support the PSR's calculations of relevant conduct and also to support the gun enhancement. Mr. Veltman conducted a cross examination of Loyd and Keller pointing out the reasons they might have for lying about Lockard. The Government then called Detective Captain Dennis Hout to testify that Rick A. Bower relayed to Detective Hout that Bower was obtaining 15 grams of methamphetamine a week from Lockard while Bower was 17 years old. Mr. Veltman conducted a cross-examination of Detective Hout pointing out that Bower was never arrested based on the information he relayed to Detective Hout. Mr. Veltman called no witnesses to testify in support of Lockard's objections. The Court overruled Lockard's objections, and found that Lockard had used a minor in the commission of the offense, had possessed a firearm during the commission of a drug crime and had acted in a manner inconsistent with an acceptance of responsibility. The Court found that the offense level calculation of 36 was correct and that the Guideline calculations in the PSR were correct. The Court sentenced Lockard to a term of imprisonment of 240 months, higher than the low end of the applicable Guideline range, higher

than any of his co-defendants, but lower than the statutory maximum of 40 years to which Lockard was subject as a result of his plea.

## ANALYSIS

**I.      Standard for Habeas Corpus Relief**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Lockard raises the following claims for relief:

1) That Mr. Veltman rendered ineffective assistance of counsel by failing to adequately contest the PSR's relevant conduct determination,

2) That Mr. Veltman rendered ineffective assistance of counsel by failing to adequately contest the PSR's determination that Lockhard possessed a gun in connection with a drug crime,

3) That Mr. Veltman rendered ineffective assistance of counsel by failing to adequately contest the PSR's determination that Lockhard used a minor in the commission of the offense,

4) That Mr. Parson's rendered ineffective assistance of counsel by failing to raise the argument on appeal that the Court's refusal to grant Lockard a two-point reduction was in error.

4

## II. Standards for Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain*, 211 F.3d at 434. The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694). "A mere possibility of prejudice does not qualify as actual prejudice." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). In evaluating these issues this Court must keep in mind that "the ultimate objective [of our legal system is] that the guilty be convicted and the innocent go free." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted). Finally, the Court need not evaluate both prongs of the *Strickland* test; "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 697).

### A. Ineffective Assistance of Trial Counsel Claims

Lockard contends that "[c]ounsel was ineffective for failing to demonstrate that Mr. Lockard's version of the events was the true version. . . ." First, it should go without saying that merely because Mr. Veltman failed to prevail on his arguments does not render his counsel ineffective. Mr. Veltman raised objections to the relevant conduct amount, the gun enhancement and the use of a minor enhancement. He cross-examined the Government's witnesses in an attempt to undermine their credibility. In the end, the Court credited the witnesses testimony. However, in an attempt to satisfy the first *Strickland* prong, Lockard claims that it was outside the range of professionally competent assistance for Mr. Veltman to have failed to call Lockard,

Lockard's wife, and Rick Bower to testify at the sentencing hearing.

On the contrary, it was eminently sensible for Mr. Veltman not to call Lockard or his wife to testify. Had Mr. Veltman done so, he would have subjected Lockard to a potential sentence increase for obstruction of justice, were the Court to determine that Lockard lied on the stand and/or induced his wife to lie on the stand. As for Mr. Veltman's failure to call Rick Bower, that, too is well within the range of professionally competent assistance. As Lockard admits, there is no evidence that Bower would have agreed to testify, and there is no evidence that if he had, his testimony would have been favorable to Lockard. Given the fact that Bower made statements to Detective Hout that were adverse to Lockard's interests, Mr. Veltman quite sensibly did not look to Bower as a potential witness for the defense. Accordingly, Lockard cannot meet the first *Strickland* prong for these claims.

Additionally, Lockard cannot meet the second *Strickland* prong for these claims. As to Mr. Veltman's failure to call Bower, Lockard raises nothing but the possibility that Bower might have agreed to testify and that his testimony might have been favorable to Lockard and that it might have been credited by this Court. This is a mere possibility of prejudice, and "[a] mere possibility of prejudice does not qualify as actual prejudice." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). As to Mr. Veltman's failure to call Lockard or his wife, Lockard's only contention is that the Court might have credited their self-serving testimonies over the testimonies of the Government's witnesses. Again, this constitutes, at best, a mere possibility of prejudice, not actual prejudice. Therefore, Lockard cannot meet either prong of the *Strickland* test to demonstrate that Mr. Veltman's representation of him at sentencing was constitutionally deficient.

### B. Ineffective Assistance of Appellate Counsel Claims

The Sixth Amendment right to effective assistance of counsel extends to appellate proceedings as well. The Court assesses whether or not appellate counsel was constitutionally deficient by applying the same *Strickland* test applied to trial counsel. *Schaff v. Snyder*, 190 F.3d 513, 526 (7th Cir. 1999). Additionally, a petitioner asserting that appellate counsel was constitutionally deficient for failing to raise an issue on appeal must show that such issue was obviously and clearly stronger that the ones that were raised. *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994). This is because "the art of appellate advocacy is in narrowing one's arguments and in focusing on the strongest claims." *Schaff*, 190 F.3d at 527.

Here, Lockard asserts that Mr. Parson was constitutionally deficient for failing to raise as error on appeal the Court's decision not to grant Lockard a two-point reduction of his offense level for acceptance of responsibility. This was not a clearly strong argument for appeal. At sentencing, "[t]he defendant has the burden to establish by a preponderance of the evidence that an acceptance-of-responsibility adjustment is warranted." *United States v. Travis*, 294 F.3d 837, 840 (7th Cir. 2002). The decision by the trial court that the defendant has not met that burden is a factual question reviewed on appeal for clear error. *Id*. The appellate court will affirm "absent a 'definite and firm' conviction that a mistake occurred." *Id*. This is a high hurdle to meet. It was sensible, then, for Mr. Parsons to concentrate on arguments on which Lockard had a better chance of prevailing. Mr. Parsons's decision was certainly not outside the range of professionally competent assistance. Therefore, Lockard cannot show that he received constitutionally defective assistance of appellate counsel.

## CONCLUSION

The motions, files and records in this case clearly demonstrate that Lockard is entitled to no relief. Accordingly, the Court **DENIES** his Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1) The Clerk of Court is **DIRECTED** to enter judgment accordingly.


**IT IS SO ORDERED.**
**DATED: December 2, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**