UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH LOCKARD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 07-cv-323-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Petitioner Kenneth Lockard's Motion for Reconsideration of Denial of Motion Under 28 U.S.C. § 2255 (Doc. 16) brought pursuant to Federal Rule of Civil Procedure 59(e). Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

    Here, petitioner contends that the Court's Order denying his petition for a writ of habeas corpus was in error because the Court misconstrued his arguments as raising only ineffective assistance of counsel claims. He asserts the Court should have construed his arguments as

raising claims that his sentence was imposed "as a result of a lack of accurate and complete information." However, Lockard points to no way - outside of a claim for ineffective assistance of counsel - that a sentence imposed "as a result of a lack of accurate and complete information" raises an issue suitable for a collateral proceeding under section 2255. *See Oliver v. U.S.*, 961 F.2d 1339, 1341 (7th Cir.1992) (explaining that collateral relief under section 2255 is available only for errors that are jurisdictional or constitutional in nature or for fundamental defects which inherently result in a complete miscarriage of justice). As Lockard admits in the instant motion, the Court fully addressed the only constitutional issue his claims did raise, that is, ineffective assistance of counsel.[1] Accordingly, the Court DENIES the Motion for Reconsideration (Doc. 16).

**IT IS SO ORDERED.**
**DATED: December 5, 2008**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**

---

[1] Lockard also contends that the Court erred in failing to consider an affidavit by Dustin Jenner in which Mr. Jenner avers that he never saw Lockard deal drugs. First, the referenced affidavit was never submitted. Second, even if it had been submitted, the affidavit would not have affected the Court's analysis.